**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Cairo DeAngelis,** *Plaintiff* | § | **No. 1:25-cv-00317-DAE** |
| | § | |
| **v.** | § | |
| | § | |
| **Officer Devin L. Carter,** *Defendant* | § | |
| | § | |
| | § | |

**ORDER**

Plaintiff Cairo DeAngelis brings this civil rights suit against Defendant Austin Police Officer Devin L. Carter. Now before the Court are Plaintiff's Motion to Strike Defendant's Designation of Potential Testifying Expert Witnesses, filed March 26, 2026 (Dkt. 21); Defendant's Response, filed April 9, 2026 (Dkt. 22); Plaintiff's Reply, filed April 10, 2026 (Dkt. 23); Plaintiff's Supplemental Brief in Support of His Motion to Strike Defendant's Designation of Potential Testifying Expert Witnesses, filed August 11, 2026 (Dkt. 36); and Defendant's Response Opposing Plaintiff's Supplemental Brief in Support of His Motion to Strike Defendant's Potential Non-Retained Expert Witness, filed August 18, 2026 (Dkt. 37).[1] On August 5, 2026, the Court held a hearing on the motion to strike at which both parties appeared through counsel.

At the hearing, Defendant argued for the first time that Plaintiff's motion was premature under Rule 26(a)(2)(d)(i), and the Court granted Plaintiff's request for supplemental briefing. Dkt. 35.

The Scheduling Order set January 29, 2026 as the expert disclosure deadline. Dkt. 13 ¶ 4. Discovery closed March 16, 2026, and the deadline to file dispositive motions was April 14, 2026. *Id.* ¶¶ 6, 7.

[1] The Honorable David A. Ezra referred the motion to this Magistrate Judge for disposition by Text Order entered March 27, 2026.

## I. Retained Expert Craig R. Miller

DeAngelis asks the Court to strike Carter's designation of potential testifying retained expert witness Craig R. Miller under Rule 37(c)(1) because Carter did not timely serve Miller's expert report by the January 29, 2026 deadline. In his response, Carter withdrew Miller's expert designation. The Court **GRANTS AS CONCEDED** the motion to strike Miller.

## II. Non-Retained Experts

DeAngelis also asks the Court to strike all non-retained experts identified in Carter's Designation of Potential Testifying Expert Witnesses for Defendant. Dkt. 20. They are (a) Plaintiff's treating physicians, mental health providers and counselors, and (b) Austin Police Department ("APD") Chief of Police Lisa Davis and former chiefs Joseph Chacon and Robin Henderson. Chacon was chief on January 13, 2023, the date of DeAngelis' arrest. Dkt. 20 at 2.

DeAngelis argues that Carter's non-retained expert witnesses should be excluded for failure to comply with Rule 26(a)(2)(C), which requires a party disclosing experts who are not retained or specially employed to timely state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

### A. The Court's Scheduling Order Controls

In his supplemental brief, Carter argues that his designation complied with the scheduling order under Rule 26(a)(2)(D), which sets "'90 days before the date set for trial' as the time to disclose expert testimony absent a court order or stipulation." Dkt. 37 at 1. Because there is no trial setting, he argues, his disclosures were not yet due. Carter also contends that he "believes that his designation substantially complied with disclosures under Fed. R. Civ. P. 26(a)(2)(C), even though they were not yet due." *Id.*

Non-retained experts under Rule 26(a)(2)(C) are subject to the expert testimony disclosure requirement of Rule 26(a)(2)(A). *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004). Judge Ezra's scheduling order provides: "Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and **shall serve on all parties, but not file, the materials required by FED. R. CIV. P. 26(a)(2)(B)** by **January 29, 2026**." Dkt. 13 ¶ 4. Because there is a court order setting a deadline to disclose testifying experts, it governs the disclosure timing, not the 90-day default of Rule 26(a)(2)(D).

**B. Legal Standards**

Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." A trial court's decision to exclude evidence to enforce a pretrial order "must not be disturbed" absent a clear abuse of discretion. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (quoting *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971)). A "summary of opinions" means "a brief account of the main opinions of the expert,' wherein 'the opinion must state a view or judgment regarding a matter that affects the outcome of the case.'" *Vargas v. United States*, No. 5-21-CV-01277-FB-RBF, 2024 WL 1235593, at *5 (W.D. Tex. Feb. 12, 2024) (quoting *Knighton v. Lawrence*, No. SA-14-CV-718-XR, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016)). Boilerplate language "does little to fulfill the purpose of the Rule 26(a)(2)(C) disclosures—facilitating effective cross examination." *Id.*

In determining whether an expert disclosure violation is substantially justified or harmless under Rule 37(c), courts consider four primary factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such

prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). "The importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Geiserman*, 893 F.2d at 792.

**C. APD Chiefs**

For each of the three current and former APD chiefs, Carter states in his disclosure that he or she "may testify regarding the policies, practices, training and investigations of the Austin Police Department and may offer opinions based on [his or her] education, training and experience." Dkt. 20 ¶¶ I(B)(2-4).

For the first factor, Carter has not shown that the opinions of police chiefs at times other than he was arrested is important. Conversely, DeAngelis does show under the second factor that he would be prejudiced if the other chiefs are permitted to give opinion testimony that was undisclosed during expert discovery. While a continuance could be available under the third factor, reopening expert discovery at this late stage of the proceeding, when Carter's motion for summary judgment is pending, would increase costs and delay and likely would not cure the prejudice to DeAngelis.

Finally, Carter offers no justification for failure to timely disclose the chiefs' opinions and no persuasive reason why the failure was harmless under Rule 37(c)(1). *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) (holding that district court did not abuse its discretion by excluding expert testimony when appellant did not explain their actions). Over three pages of his response, he details the areas of expertise of the three chiefs and the expected subject matter of their testimony. Dkt. 22 at 1-4. Carter contends that DeAngelis "has been in possession of the facts and opinions of these witnesses via the Probable Cause Affidavit and General Offense Report and

Internal Affairs Complainant Contact Form since early on after the inception of the case." Dkt. 22 at 4 (citations omitted). This assertion is unsupported because none of these documents was signed by any of the chiefs. Dkts. 22-1, 22-2, 22-3.

DeAngelis also argues that the subjects of testimony Carter identifies for the first time in his response include impermissible legal conclusions, such as whether Carter had probable cause for his arrest and whether the arrest complied with APD policy and law enforcement standards, and that the latter is irrelevant in this case with no municipal defendant or *Monell* claim. The Court agrees. *See, e.g.*, *Reitz v. Woods*, 85 F.4th 780, 788 (5th Cir. 2023) (stating that an expert "may never render conclusions of law").

Having carefully considered the relevant factors, the Court finds that Carter's failure to timely identify their opinions under Rule 26(a)(2)(B) was not substantially justified or harmless under Rule 37(c). The Court grants the motion to strike the expert testimony of the APD chiefs.

**D. Treating Physicians, Mental Health Providers, and Counselors**

In his designation of potential testifying expert witnesses, Carter states that he "may call as non-retained experts any and all of Plaintiff's treating physicians, mental health providers and counselors who are expected to testify consistently with their medical records and counseling records and their deposition testimony, if any." Dkt. 20 ¶ I(B)(1). He does not name any of these witnesses and discloses no other summary of their expected facts and opinions. In his four-page response brief, Carter did not address the motion to strike DeAngelis' treating physicians, mental health providers, and counselors beyond simply stating that he opposes the motion to strike them.

The Court finds that Carter violated the requirement of Rule 26(a)(2)(C)(ii) for each of these categories of witnesses by failing to disclose "a summary of the facts and opinions to which the witness is expected to testify." Carter essentially concedes the motion as to these witnesses by

failing to argue that their evidence is important to his case or explain why he did not properly disclose their expected testimony under factors one and four. For the same reasons stated above, the Court finds that factors two and three also favor DeAngelis. The Court grants the motion to strike DeAngelis' treating physicians, mental health providers, and counselors.

## III. Conclusion

For these reasons and any others stated from the bench during the hearing, the Court **GRANTS** Plaintiff's Motion to Strike Defendant's Designation of Potential Testifying Expert Witnesses (Dkt. 21). The Court **STRIKES** these designations and **ORDERS** that Carter is precluded from offering at trial (1) testimony from Craig R. Miller and (2) ***opinion testimony*** from DeAngelis' unnamed treating physicians, mental health providers, and counselors, and current and former APD Chiefs of Police Lisa Davis, Joseph Chacon, and Robin Henderson.

The Court **ORDERS** the Clerk of Court to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

**SIGNED** on October 13, 2026.



SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE